United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Thales Antal Aristide, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-60770-Civ-Scola |
| | ) |
| U.S. Department of Education, and | ) |
| others, Defendants. | ) |

## Order Dismissing Complaint

This matter is before the Court upon an independent review of the record. A district court has the inherent power to dismiss, *sua sponte*, a frivolous lawsuit. *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). A lawsuit is frivolous if it lacks a legal basis or legal merit. *See Black's Law Dictionary,* 739 (9th ed. 2009). Under Federal Rule of Civil Procedure 8(a), a pleading must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). The United States Supreme Court has held that this standard does not require detailed factual allegations, but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The factual allegations must be enough to raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Moreover, a complaint will not suffice if it tenders "naked assertion[s] devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

The Plaintiff is a *pro se* litigant. The Eleventh Circuit has held that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Shuler v. Ingram & Assocs.*, No. 10-14509, 2011 WL 4495624, at *6 n.3 (11th Cir. Sep. 29, 2011) (quoting *Boxer X v. Harris*, 437 F.3d 1107. 1110 (11th Cir 2006)). However, "the leniency afforded *pro se* litigants does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler*, 2011 WL 4495624, at *6 (citation omitted).

The Complaint does not include a statement of the claim showing that Aristide is entitled to relief. Although Aristide states that the Florida Department of Education "has already cleared me off and acknowledged the loans were paid off," and that the U.S. Department of Education has made a

"wrongful decision under the fair credit reporting act," he does not identify which loan(s) he is referencing or identify with any specificity the allegedly wrongful actions of the U.S. Department of Education. Even accepting Aristide's statements at face value, the Complaint lacks sufficient factual matter, accepted as true, to allow the Court to reasonably infer what Aristide's claim or claims for relief against the Defendants may be. Furthermore, Aristide cites to 15 U.S.C. § 1692g and § 809. It is unclear what § 809 references.

Accordingly, the Court **dismisses** the Complaint (ECF No. 1) without prejudice. The Plaintiff may file an amended complaint that comports with Federal Rule of Civil Procedure 8(a) on or before **May 9, 2017**.

**Done and ordered** in chambers, at Miami, Florida, on April 25, 2017.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy to*:
Thales Antal Aristide
3851 SW 52nd Ave., Apt. 202
Hollywood, FL 33023